NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALBERT GOODMAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> BERT DOHMEN, an individual, <br><br> Defendant. | CASE No. 2:15-cv-00020-FFM <br><br> [~~PROPOSED~~] **PROTECTIVE ORDER BY STIPULATION** |

Pursuant to the Parties' Stipulation re Entry of Protective Order, and good cause appearing therefore, it is hereby ORDERED that all parties to this action and their counsel comply with the following protective order:

**A. STATEMENT OF GOOD CAUSE**

Plaintiff Albert Goodman is an individual investor. Defendant Bert Dohmen is an author and securities market analyst, who was the managing member of Macro Wave Management, LLC, which was the general partner of Croesus Fund, LP. Plaintiff claims that Defendant made misrepresentations to him regarding a new investment fund, and that in reliance on those misrepresentations, he invested $1 million in the fund, which performed very poorly. Defendant denies these and other allegations, and asserts that his is not a proper party in this action. Defendant seeks discovery of documents relating to Plaintiff's other investments in order to ascertain whether Plaintiff justifiably relied on Defendant's alleged misrepresentations.

7407.1.4.6

1  Plaintiff seeks discovery of information and documents relating to the alleged
2  misrepresentations.
3       The Parties submit that there is good cause to preserve the confidentiality of
4  these documents at the pretrial discovery phase, since, at this pretrial discovery
5  phase of the proceedings, their interest in preserving confidentiality substantially
6  outweighs the public's interest in access to the information. The Court reserves
7  judgment as to whether there is good cause or compelling reason to preserve the
8  confidentiality of this information at the summary judgment and trial phases of these
9  proceedings.

## B. DEFINITIONS AND GENERAL PROVISIONS

11       1.    <u>Designated Materials</u>: Any information or documents disclosed by a
12  Party during discovery, which are designated "Confidential" by the producing Party.
13       2.    <u>Confidential Materials</u>: Any information or documents disclosed by a
14  Party during discovery, which are designated "Confidential" by the producing Party.
15  The following materials may be designated as "Confidential":
16       a.    Materials that disclose non-public financial information of the
17                producing Parties or of third parties.
18       b.    Correspondence between Parties.
19       c.    Any other information or documents which, if disclosed, would reveal
20                non-public personal information regarding the producing or designating
21                Party.
22       3.    <u>Non- Confidential Materials</u>: Information and documents may not be
23  designated "Confidential" if they:
24       a.    Are in the public domain at the time of disclosure, as evidenced by
25                written documents;
26  / / /
27  / / /
28

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

1    b.    Enter the public domain through no fault of the Party to whom the information or documents are disclosed, as evidenced by written documents;

   c.    Are, at the time of disclosure, already within the rightful and lawful possession of the Party to whom the information or documents are disclosed, as evidenced by written documents; or

   d.    Are later lawfully received from a third party who has the legal right to make the disclosure.

4.   <u>Parties</u>: ALBERT GOODMAN, BERT DOHMEN, any additional persons joined as counter-plaintiffs or counter-defendants, and their management employees, business partners or agents (excluding Attorneys).

5.   <u>Attorneys</u>: The attorneys of record for the Parties and their firms and staff and any paralegals or support staff working under their direction.

6.   <u>Consultants</u>: Any experts or consultants who are not Parties, who are retained by a Party for the purpose of this proceeding, and who are not employees of the Parties or their Attorneys, and any insurance adjusters of the parties.

**C. TREATMENT OF DESIGNATED MATERIALS**

1.    Absent further Order of the Court, Confidential Materials may be disclosed only to Parties, designated Party representatives, Attorneys, Consultants and the Court/Court personnel. The disclosure of such information or documents to Consultants is governed by Section C (6).

2.    Absent further Order of the Court, Confidential Materials may be disclosed only to Parties, Attorneys, Consultants and the Court/Court personnel. The disclosure of such information or documents to Consultants is governed by Section C (6).

/ / /

/ / /

7407.1.4.6

3

[~~PROPOSED~~] PROTECTIVE ORDER BY STIPULATION

3. To designate a document "Confidential," the Attorney representing the producing or disclosing Party must conspicuously mark the document with the words "Confidential." Any document prepared by any Party, expert, consultant or other person wherein the prepared document summarizes, discusses or otherwise discloses any information obtained from a document designated as "Confidential" shall itself be marked with the words "Confidential" at the time each such document is prepared.

4. During a deposition, persons other than Attorneys, Parties, designated Party representatives, court reporters and the deponent may not be present during portions of the deposition that involve the disclosure of Confidential Materials.

5. The transcript of each deposition will be treated as "Confidential" for 10 days after it is received by the Attorney representing the deponent. After this period, the Attorney representing the deponent may designate specific portions of the transcript "Confidential" by notifying the Attorneys representing each other Party in writing of the particular pages and lines of the transcript to which the designation applies.

6. Before disclosing Designated Materials to a Consultant, the Attorney wishing to make the disclosure must provide the Consultant with a copy of this Protective Order and the acknowledgement form attached as Exhibit A. The Consultant must sign the acknowledgement form, which must be retained by the Attorney. The Attorney must make the signed acknowledgement form available to opposing counsel for inspection and copying upon request.

7. Designated Materials may only be used in the prosecution, defense or settlement of this case. The recipient of any Designated Materials must exercise reasonable care in handling, storing, using or disseminating the information. However, nothing in this Protective Order restricts the use by any Party of its own Designated Materials.

8. If discovery is taken from a third party, the third party may request that its Designated Materials be disclosed subject to this Protective Order. To enjoy the benefits of this Protective Order, the third party or its attorney must notify the Attorneys for the Parties that it has received a copy of the Protective Order and agrees in writing to be bound by its terms.

9. A Party seeking to file Designated Materials or documents that disclose Designated Materials with the Court must request that the documents be filed under seal pursuant to L.R. 79-5.1.

10. A Party may file a motion with the Court at any time, challenging the propriety of the designation of Designated Materials utilizing the procedures set forth in L.R. 37-1 et seq.

11. Each Party that has received Designated Materials will promptly return the materials and any copies of the materials to the producing Party after the final termination of this case. Alternately, the producing Party may destroy the documents.

12. Nothing herein shall be deemed to preclude or prevent the exhibition, presentation, or introduction as evidence, of any information to the Court or to a jury.

**13. If a party to whom Confidential or Confidential Material has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order. It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency. The party subject to the subpoena or order shall not produce any Confidential or Confidential Materials in advance of the date required by the subpoena or order. Nothing herein shall be construed as relieving anyone**

7407.1.4.6

5
[~~PROPOSED~~] PROTECTIVE ORDER BY STIPULATION

1  subject to this order from any obligation to comply with a validly issued
2  subpoena or order.  (FFM)
3
4  IT IS SO ORDERED.
5
6  DATED:  November 10, 2015
7                              By:         /S/ FREDERICK F. MUMM
8                                          United States Magistrate Judge

RUFUS-ISAACS ACLAND & GRANTHAM LLP
232 N. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210
Tel (310) 274-3803 • Fax (310) 860-2430

7407.1.4.6

6

[PROPOSED] PROTECTIVE ORDER BY STIPULATION

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALBERT GOODMAN, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BERT DOHMEN, an individual,<br><br>　　　　　Defendant. | CASE No. 2:15-cv-00020-FFM<br><br>**Hon. Frederick F. Mumm** |

By signing this document, I certify that I have read and understand the Protective Order in this case and agree to be bound by its terms. I understand that if I violate the terms of the Protective Order, I may be subject to penalties, including penalties for contempt of Court. I consent to personal and subject matter jurisdiction over me by the Court for the purpose of enforcing my agreement here.

DATED: _____       By: _____

　　　　　　　　　　　　　　Printed Name: _____

　　　　　　　　　　　　　　Position: _____

　　　　　　　　　　　　　　Company: _____

　　　　　　　　　　　　　　Name: _____

　　　　　　　　　　　　　　Address: _____

　　　　　　　　　　　　　　Telephone: _____

　　　　　　　　　　　　　　Fax: _____

　　　　　　　　　　　　　　E-mail: _____