ROBERT E. CONNER
*Thornapple Associates, Inc.*
405 Fifth Avenue South, Suite 7A
Naples, FL 34102
Work: *(239) 919-3419*
Mobile: *(908) 727-7007*
West Palm Beach: *(561) 337-2509*
rconner@thornapple.net

### *Background and Experience*

Thirty-eight years experience in the securities industry. Clientele have included the Securities and Exchange Commission, the Internal Revenue Service, U.S. and state-level Attorneys General and Securities, Banking and Insurance Commissioners, both U.S. and foreign individual and institutional investors, banks and insurance companies, operating corporations and LLCs, brokerage firms, ERISA pension and profit-sharing plans, registered investment advisors, market-makers, hedge funds, non-profit organizations and foundations, bankruptcy trustees, trusts and estates.   Business mix: 60% U.S. / 40% International.

**1983-**
**Present**   **Thornapple Associates, Inc.**: Founding member of a firm engaged in expert witness services in connection with trials, arbitrations and regulatory proceedings related to the securities and commodities industries.  Testimonial and analytic experience since 1983 in over 800 disputes involving both equity and debt instruments and their specific-issue and index derivatives, as well as listed and OTC options, futures and forward contracts on commodities, financial indices and foreign currencies.  Expertise extends to asset allocation, portfolio management and hedging, fundamental security analysis, trading, prime broker operations, margin, structured products, collateralized mortgage obligations (CMOs), securities industry practice and standards, after-tax considerations, suitability, adequacy of risk disclosure, risk arbitrage and direct investments, loss causation and damages.

**1983–**
**1998**   **Conner Capital Corp.**: President and portfolio manager of an independent investment management firm with approximately $200 million in primarily equity portfolios for U.S. and foreign taxable corporate, pension and individual accounts, including dividend capture and hedged risk arbitrage in after-tax investment strategies employing stock and index options and futures contracts, warrants,  and convertible bonds and preferred stocks.

**1980 –**
**1983**   **Prudential Insurance Company of North America**: Director, Options Management; Bond and Stock Departments Inaugurated Prudential's use of derivative hedging instruments in a multi-strategy $50 million pilot option program. Co-portfolio manager of over $300 million in mutual fund assets, to include special purpose tax-managed strategies, as well as the first U.S. mutual fund to incorporate the use of stock index futures contracts. Established trading desk and clearing operations with a multiple prime broker network utilizing approximately 15 executing brokers employing stocks, stock and index options, convertible bonds and preferred stocks and exchange-traded financial futures contracts (e.g. S&P 500), and a master trust bank custodial arrangement with respect to in-house managed mutual funds. Established Prudential stock loan program and devised computer monitoring of same.  Treasurer of a state-chartered subsidiary bank.  Advised as to hedging provisions in various corporate and commercial financings.

**1979-**
**1980**   **Drexel Burnham Lambert**: Vice President, Co-headed Institutional Options Department. Managed discretionary accounts for individual investors, pension plans and college endowments, and provided research and transactional coverage of non-discretionary accounts of high net worth individuals, investment advisors, mutual funds, insurance companies, corporations, partnerships, hedge funds, foundations, college and preparatory school endowment funds, trusts and pension and profit-sharing plans. Authored option strategy commentaries as part of weekly firm equity research publication, *"Tale of the Tape."* Designed third-party computer program for on-line portfolio management.

**1977-**
**1979**   **Donaldson, Lufkin & Jenrette, Inc.**: Registered Representative, Options Department. Managed discretionary accounts for individual investors, pension plans and college endowments, and provided research and transactional coverage of non-discretionary accounts of high net worth individuals, investment advisors, mutual funds, insurance companies, corporations, partnerships, hedge funds, foundations and endowments, trusts, and pension and profit-sharing plans.

Robert E. Conner                                                                              rconner@thornapple.net

*Representative Litigation, Arbitration and Disciplinary Matters*

1.  **Rosen Capital Partners, LP and Rosen Capital Institutional, LP v. Merrill Lynch Professional Clearing Corp.**, FINRA Arbitration No. 09-03094
    Testifying expert for Claimant.  Award in favor of Claimant: $79.42 million.
    $125 MM option hedge fund Claimants asserted breach of contract, duty of good faith and reasonable commercial standards of fair dealing, Articles 8 & 9 of the New York U.C.C., fraud and negligence in applying margin and risk requirements, unauthorized refusal to clear risk-reducing option hedge transactions, and wrongful liquidation via fraudulent inducement by senior risk management of a prime broker.

2.  **Bayou Group, LLC v. Goldman Sachs**, FINRA Arbitration No. 08-01763
    Testifying expert for Claimant. Award in favor of Claimant: $20.58 million.
    Claimant, Trustee for a Creditor's Committee in Bankruptcy, asserted fraud, failure to investigate the fraud, and fraudulent transfers by prime broker Respondents in connection with $450 million hedge fund Ponzi scheme.

3.  **Manhattan Investment Fund Ltd. v. Bear Stearns Securities Corp.**, U.S. Bankruptcy Court, SDNY, Adv. Pro. No. 01-02606
    Testifying expert on notice issue for Plaintiff, Trustee of a Creditor's Committee in Bankruptcy. Court found prime broker Defendant to be on notice of fraud.  Jury decision for Defendant based on good-faith defense. Plaintiff asserted fraud, failure to investigate the fraud, and fraudulent transfers to prime broker Defendant in connection with $450 million hedge fund Ponzi scheme.

4.  **Insurance Commissioner for the State of Delaware, as Receiver for National Heritage Life Insurance (NHL) Company, a Company in Liquidation, v. Bear Stearns & Co., Inc.,** Ninth Judicial Circuit, for Orange County,  Florida, Magistrate Division 2, Case No. 48-1996-CA-000669-O
    Testifying expert for Plaintiff.  Magistrate Order in favor of Plaintiff: $26.85 million.
    Plaintiff asserted breach of contract and good faith in providing investment advisory services, knowingly selecting and constructing a portfolio of high-risk, extremely volatile collateralized mortgage derivative securities inappropriate for Plaintiff's investment objectives and providing analyses, projected yields and other financial information which was deceptive, misleading and inaccurate, and which Plaintiff could not independently verify.

5.  **Hauser v. Merrill Lynch,** NYSE Arbitration No. 1993-03312
    Testifying expert for Claimant.   Award in favor of Claimant: $3.5 million
    Swiss Claimant asserted fraud, misrepresentation, and failure to supervise registered representatives of a Lugano, Switzerland branch office of Respondent in connection with a "black money" scheme that damaged the Swiss trust company used as a conduit for cash flows and excessive foreign currency trading in fiduciary accounts.

6.  **John Tilling v. S.W. Bach & Co.,** NASD Arbitration No. 04-01896
    Testifying expert for Claimant.  Award in favor of Claimant: $471,000, including $291,000 in disgorgement of commissions and fees.British Claimant, Member of Lloyds of London, asserted churning, unsuitability, breach of fiduciary duty and common law fraud related to discretionary transactions in stocks and Treasury bonds.

7.  **Blumenfeld, et al. v. Refco**, NFA Arbitration No. 96-186
    Testifying expert for Claimant. Award in favor of Claimants: $43 million.
    As part of a $100 million Ponzi scheme by an Introducing Broker (IB) the wrongful allocation of Treasury futures and options transactions on the Chicago Board of Trade (CBOT) by a Futures Commission Merchant (FCM) across Claimants' accounts, Claimants asserted fraud, breach of contract and good faith, failure to supervise floor trading and post-transaction clearance by back office personnel in violation of industry and exchange rules.

8.  **Securities and Exchange Commission v. Abraham and Sons Capital and Brett G. Brubaker**
    Admin. Proc. File No. 3-9448
    Testifying expert for the S.E.C.  Civil penalties and bar from association with broker-dealer or registered investment advisor.
    Registered investment advisor and its president found to have made material fraudulent misrepresentations in connection with stock transactions, mispricing and reported performance of a managed short-stock portfolio.

Robert E. Conner                                                        rconner@thornapple.net

*Representative Litigation, Arbitration and Disciplinary Matters  (Cont.)*

9.    **Parker v. Goldberg**, NASD Arbitration No. 94-02670
       Testifying expert for Claimant.  Award in favor of Claimant: $260,000
       Registered investment advisor and its president made fraudulent representations to, and effected imprudent
       discretionary investments for Claimant in stocks, private placements, limited partnerships, and direct investments.

10.    **Pon v. Shearson,** NYSE Arbitration No. 2000-01748
       Testifying expert for Claimant. Award in favor of Claimant: $1,000,000  + $250,000 punitive damages.
       Misrepresentation of investment performance and recommendation of unsuitable equity securities.

11.    **Lane v. Drexel Burnham Lambert**, American Arbitration Association No. 13-136-00617-88
       Testifying expert for Respondent.  Award in favor of Respondent: $6,000,000
       Unsecured debit arising from futures trading loss in metals and financial indices in excess of $22 million.

12.    **Securities and Exchange Commission v. Jeremiah J. and Michael P. Hegarty**, Admin. Proc. File No. 3-10455
       Testifying expert for S.E.C.
       Civil penalties and bar from association with broker-dealer or registered investment advisor.
       Principals of Hyannis Trading Advisors defrauded Clients of approximately $6.5 million under management in
       option trading accounts, and failed to disclose that they had lost the ability to calculate fundamental account
       balances and other  information, misrepresented past performance, collected illegal performance fees, and had
       abandoned risk-limiting techniques that they had assured Clients would be utilized.

13.    **Securities and Exchange Commission v. Parnassus Investments**, Admin. Proc. File No. 3-9317
       Testifying expert for S.E.C.  Cease and desist order with civil penalties.
       Court found that the Investment Advisor had overstated the net asset value (NAV) of the diversified open-end
       fund (mutual fund) in violation of the Investment Act of 1940 by failing to use a current sale methodology to
       fairly value a holding in keeping with Accounting Series Releases 113 and 118, Investment Company Act
       Release No. 6295, S.E.C. Accounting Rules.

14.    **Weingarden v. Prudential Securities**, NASD Arbitration No. 03-04704
       Testifying expert for Claimant. Award in favor of Claimant: $1,900,000
       Claimant alleged unsuitability and failure to disclose material risks in connection with stock and margin
       transactions, negligent supervision and violation of Florida Statutes and trust law in connection with unlawful
       transfers of securities into and out of an Irrevocable Trust.

15.    **Fanam, LLC v. Merrill Lynch**,  NASD Arbitration No. 04-05063
       Testifying expert for Claimant.  Compensatory Award in favor or Claimants: $980,000
       Claimant asserted breach of contract, negligence, failure to supervise, willful and reckless conduct and breach of
       fiduciary duty in connection with stock and options transactions in unapproved strategies and unpermitted wire
       transfers out of Claimant's account to a gambling casino in connection with criminal actions by the managing
       partner/trader of the Claimant hedge fund, for which he was imprisoned.

16.    **Goodman v. Mirco Teta and CIBC Oppenheimer & Co.,**  NASD Arbitration No. 98-04636
       Testifying expert for Claimant.  Award in favor of Claimant: $74,000
       Panel found Respondent broker committed securities fraud in violation of Securities and Exchange Act of 1934
       Rule 10b-5  through misrepresentation iregardingstock transactions upon which Claimant reasonably relied.

17.    **Errico v. Bank of America**, JAMS Ref. No. 1400008354
       Testifying expert for Claimant.  Award in favor of Claimant of $280,000.
       Claimant alleged gross negligence, breach of contract by a bank trust department in the mismanagement of a
       discretionary equity portfolio, and fraud by misrepresentation in the undisclosed use of debt leverage.

Robert E. Conner                                                                    rconner@thornapple.net

*Representative Litigation, Arbitration and Disciplinary Matters  (Cont.)*

18.    **Gruhn v. E\*Trade Securities**, NASD Arbitration No. 01-00492
       Testifying expert for Respondent.   Award in favor of Claimant: $191,000
       German on-line investor and computer hacker sought over $5 million in compensatory and punitive damages in
       connection with unapproved stock and naked option transactions executed in a cash account approved for covered
       call writing only, and in excess of account buying even were it a margin account power pursuant to Regulation T.
       Claimant nonetheless asserted breach of contract, conversion, fraud and negligent misrepresentation.  Gave
       testimony regarding new account misrepresentations by investor, inaccuracies in third-party software utilized by
       Claimant to select the option transaction, Claimant expert's misinterpretation of covered-call definition under
       Regulation T, the inadequacy of Claimant account net equity to support initial margin requirements, absence of
       economic return due to parity condition of in-the-money option prices at the time of transaction, and consequent
       absence of damages.  Panel, finding no damages, directed Respondent brokerage firm to share with Claimant half
       of the $382,000 error account profit from having liquidated the violative stock and option transactions.

19.    **NASD Dept. of Enforcement v. Keith Medeck,** Disciplinary Proceeding # E9B2003033701
       Testfying expert for Respondent.   In 2006, Hearing Panel barred Respondent from associating with any NASD
       member in any capacity for churning a customer's account in violation of Rule 10(b)-5 of the Securities and
       Exchange Act and a $41,493 monetary fine in connection with stock and option transactions.  In 2009, the
       Hearing Panel's decisions were reversed on appeal to the National Adjudicatory Council, FINRA.

20.    **Kaminsky, et al. v. Spencer Trask Securities**, NASD Arbitration No. 00-05628
       Testifying expert for Claimants.  Award in favor of Claimants: $294,000 + $50,000 in punitive damages.
       Case involved verbal contracts entitling Claimants to participate in most successful IPO in Wall Street history,
       with consideration of Rule 144 Restricted shares and lock-up agreements in connection with a spot secondary.

21.    **Tornquist v. Shearson**, NYSE Arbitration No. 1990-07063
       Testifying expert for Claimant.   Award in favor of Claimant: $900,000
       Disciplinary referral of branch manager.
       Claimant alleged unsuitable investment recommendations, misrepresentation, and churning in stock and options
       by registered representative exercising de facto discretion, and failure to supervise by branch manager.

22.    **Flanagan v. Prudential Securities**, NASD Arbitration No. 91-00001
       Testifying expert for Claimant.     Award in favor of Claimant: $982,000
       First make-whole compensatory award secured in arbitration in connection with unsuitable limited partnership
       investments jointly marketed by securities brokers and insurance agents to emergent retirees without adequate
       risk disclosure of their speculative risk, illiquidity and structural performance and cash flow characteristics.
       Claimants were a married couple newly retired from a major oil company who had been directed to consult with a
       professional investment advisor as a condition of receiving lump sum distribution of their retirement assets.

23.    **Coke v. Prudential Securities**, NASD Arbitration No. 89-00700
       Testifying expert for Claimant.     Award in favor of Claimant: $1,030,000
       Claimant, a mother of pre-school children and widow of a U.S. Marine Corps helicopter pilot, alleged gross
       negligence, breach of fiduciary duty and inadequate risk disclosure by a branch manager exercising de facto
       discretion over her brokerage account in connection with naked put and call option transactions and the purchase
       of unsuitable and speculative limited partnership investments on her behalf.

24.    **Wholey, et al. v. Goldman Sachs**, NYSE Arbitration No. 1992-02598
       Testifying expert for Claimants.   Rescission Award in favor of Claimants:  $2,800,000 + fees
       Claimants alleged unsuitability, material misrepresentation and inadequate disclosure of risk in connection with
       recommended purchases of U.K. auction rate and remarketed variable term preferred shares of Ratners Group that
       collapsed in $450 million par amount of failed auctions.

25.    **Roth v. GKN Securities**, NASD Arbitration No. 98-04988
       Testifying expert for Claimant.   Rescission Award in favor of Claimants:  $582,215
       Claimant alleged failure to give proper notice of margin call, unauthorized liquidation by introducing broker (IB)
       upon instruction by clearing broker and breach of contract with Claimant.  Testified as to the duties of clearing v.
       introducing brokers and reasonable notice prior to margin liquidation, and appropriateness of "rescission" as
       damage remedy. Introducing broker ordered to replace liquidated shares at appreciated value as of date of Award.

Robert E. Conner                                                           rconner@thornapple.net

### *Publications*

1) The Availability of Benefit of the Bargain Expectancy-Based Damages for Buyers Defrauded in California Real Estate Transactions, *Touro Law Review* Vol. 31, No. 4 at 1043 (August 2015), co-authors: Laurence A. Steckman, Esq, and Kris Steckman-Taylor, Esq.

2) Loss Causation, Economic Loss Rules and Offset Defenses – Dismissal Motion Practice After *Acticon A.G. v. China N.E. Petroleum Holdings Ltd*., *Touro Law Review*, Vol. 31, No. 3 at 501 (June 2015), co-authors Laurence A. Steckman, Esq, and Kris Steckman-Taylor, Esq., reprinted in expanded form from *Private Securities Litigation Reform Act Reporter*, Vol. 37, No. 5 at 53 (August 2014).

3) Loss Causation, Economic Loss Rules and Offset Defenses: Dismissal Motion Practice After Acticon A.G. v. China N.E. Petroleum Holdings Ltd., *Securities Reform Act Litigation Reporter*, Vol. 37, No. 5 at 53 (August 2014), co-authors Laurence A. Steckman, Esq, and Kris Steckman-Taylor, Esq.

4) Reliance and Loss Causation in Securities Fraud Class Certification Motion Practice After Halliburton II, *Securities Reform Act Litigation Reporter*, Vol. 37, Nos. 3 & 4, at 35 (Symposium on effect of Halliburton II on Securities Fraud Class Certification) (June-July 2014) co-authors: Laurence A. Steckman, Esq., and Stuart J. Rosenthal, MS, CFA.

5) Class Certification After Comcast — Raising the Bar or Changing the Game in Antitrust Litigation?, *Securities Reform Act Litigation Reporter*, Vol. 35, Nos. 1 & 2, at 18 (Symposium on effect of Comcast on Antitrust Certification) (April-May, 2013), reprinted in modified form, Market Impact, Loss Causation and Multiple Regression Modeling – the Importance of Modular Theories of Damage Causation in Antitrust Class Certification Motion Practice after Comcast v. Behrend, 30 Touro L. Rev. 127 ( February 2014)  co-authors: Laurence A. Steckman, Esq. , JD, M.Phil. and Stuart J. Rosenthal, MS, CFA.

6) Punitive Damages Against Fiduciaries, Probate Cases, and Equitable Relief,   25 *Probate and Property Magazine* 43(American Bar Association, Issue No. 3,  May/June,  2011) (co-authors: John Pankauski, Esq. and Laurence A. Steckman, Esq.).

7) Punitive Damages Against Fiduciaries: Allowing Punitive Damages Where Equitable Relief is Sought, 84 *Florida State Bar Journal* 40 (No. 9, November and No. 10, December, 2010, at 42) co-authors: John Pankauski, Esq. and Laurence A. Steckman, Esq.).

8) Litigating Offset Arguments in Compensatory Damage Litigation and Lead Plaintiff Motion Practice: Are apparently inconsistent outcomes reconcilable?, co-author: Laurence A. Steckman, Esq., Journal of Securities Law, Regulation & Compliance, Volume 3 No. 2, April 2010, pp. 150-179, Henry Stewart Publications, London, U.K.

9) Index Adjusted Portfolio Damages in Securities and Investment Fraud Litigation, co-author: Laurence A. Steckman, Esq., Journal of Securities Law, Regulation & Compliance, Volume 2 No. 4, September 2009, pp. 360-379, Henry Stewart Publications, London, U.K.

10) The Unsuitability of the "Suitability Rule' – Why FINRA's Current Interpretation of Conduct Rule 2310 Undermines Investor "Holding Claim" Entitlements in Contemporary Markets, co-author: Laurence A. Steckman, Esq., The Journal of Business, Entrepreneurship & the Law, Pepperdine University School of Law, Volume II No. I, April 2009, pp. 122-141 (*reprinted in modified form from 2008 Securities Arbitration, Ch. 15, pp. 177-230, Practising Law Institute (PLI), New York*)

11) Mitigation of Damages in Securities and Commercial Litigation and Arbitration, co-authors: Laurence A. Steckman, Esq. and Courtney B. Bellaire, Journal of Securities Law, Regulation & Compliance, Volume 2 No. 2, March 2009, pp. 103-114, Henry Stewart Publications, London, U.K., *reprinted Securities Arbitration 2009, Ch. 13, pp. 491-505*, PLI, NY, cited and discussed in Securities Arbitration and Procedure Manual, Robbins, Sec. 5-17, at 5-249-250; 2009

12) The Unsuitability of the "Suitability Rule": Why FINRA's Current Interpretation of Conduct Rule 2310 Undermines Investor "Holding Claim" Entitlements in Contemporary Markets, co-author: Laurence A. Steckman, Esq. & James Trainor, Esq., Securities Arbitration 2008, PLI, NY, cited Winnard, 104 Nw. U. L. Rev. 671, at ns. 200-202  (Spring 2010), reprinted in modified form, 2 *Pepperdine Journal of Business, Entrepreneurship and the Law* 122-141 (No. 1, 2009).

Robert E. Conner                                                    rconner@thornapple.net

### Publications (Cont.)

13) <u>Option Backdating: Important as to Corporate Integrity, but not Material as to Stock Valuation</u>, Business Torts, Volume 11, No. 3, Spring 2007, American Association for Justice (formerly American Trial Lawyers Association), Washington, D.C.

14) <u>Mitigation of Damages in Securities Litigation and Arbitration</u>, co-authors: Laurence A. Steckman, Esq., Steve A. Getzoff, Esq., and Courtney Bellaire, <u>Securities Arbitration 2004,</u> PLI, NY

15) <u>Looking for the Exits: A Fiduciary's Sell Strategy Under the Prudent Investor Act</u>, co-author: John Jeffrey Pankauski, Esq., Vol. 20 Probate & Property (No. 6, Nov./Dec. 2006) at 40, Pub. Real Property, Probate & Trust Law Section, American Bar Association, Chicago, IL.

16) <u>Expert Testimony?</u>, co-author: Courtney Bellaire, Securities Arbitration 2002, PLI, NY

17) <u>Computation of Benefit of the Bargain Damages in Cases Alleging Fraud in the Sale of Bonds</u>, co-author: Laurence A. Steckman, Esq., Securities Arbitration 2001, PLI, NY

18) <u>Loss Causation Under Rule 10b-5: A Circuit by Circuit Analysis</u>, co-author: Laurence A. Steckman, Esq., Securities Arbitration 1998, PLI, New York, N.Y., *reprinted RICO Law Reporter*, Vol. 28, No. 2, at 173-231 (August 1998), Washington, D.C.; *reprinted Private Securities Reform Act Litigation Reporter*, Vol. 5, No. 6 at 897-956 (September 1998), Washington, D.C., <u>cited</u> Razzano, 4 *The Securities Reporter* at 17 (1999); <u>cited</u> Escoffery, 68 *Fordham L. Rev. 1781, ns. 16, 92, 94, 125, 152-154, 157, 164, 178, 206, 232 and 363* (April 2000); <u>cited</u> Foster, 23 *Mich. J. Int'l L.* 265, 340, n. 213 (2002); <u>cited</u> Van Hoey, *Wash. & Lee L. Rev.* 249, 307, n. 221 (2003); <u>cited</u> Holbrook, 39 Tx. J. of Bus. L. 215, 259, ns. 2, 42, 58, 178, 179, 253, 260, 301, 302, 304, 326 (2003); <u>cited</u> Thorson, 6 Wym. L. Rev. 623, 656, n. 72 (2006); <u>cited</u> Olazabals, 3 Berkeley Bus. L. J. 337, 380, n. 57 (2006).

19) <u>Arbitral Awards in Excess of Actual Damages</u>, co-author Laurence A. Steckman, Esq., <u>New York Law Journal</u>, January 11, 1996, NY

20) <u>Lost In Translation: Cross-Currency Damage Calculations</u>, co-author: Courtney Bellaire, <u>Securities Arbitration 1996</u>, NY

21) <u>Explicit Bet Recognition in Foreign Currency Applications of Options, Futures, and Forwards</u>, Public Investors Arbitration Bar Association, 4th Annual Meeting, October, 1995, Carlsbad, California

22) <u>Computing Damages in Rule 10b-5 Unsuitability Cases: Litigating "Offset" Defenses</u>, co-author: Laurence A. Steckman, Esq., <u>Securities Arbitration 1994</u>, PLI, NY; <u>cited</u> Berg, *Securities Arbitration 1995*, 507, 522 (PLI 1995).

23) <u>Catch-22(b)(5): And Other Expert Witness Reflections</u>, co-author: Courtney Bellaire, <u>Securities Arbitration 1993</u>, PLI, NY

24) <u>Limited Partnership Suitability Factors and the Flanagan v. Prudential Securities, Make-Whole Award</u>, co-author: Stuart C. Goldberg, Esq., <u>Securities Arbitration 1992</u>, PLI, NY

25) <u>A Revisionist Theory of Churning and Market Exposure</u>, co-author: Courtney Bellaire, <u>Securities Arbitration 1991</u>, PLI, NY

26) <u>Expert Witness Testimony: Practical Considerations for Counsel</u>, <u>Securities Arbitration 1990</u>, PLI, NY

27) <u>Option-Related Securities Disputes: Analytical Considerations</u>, <u>Securities Arbitration 1989</u>, PLI, NY

28) <u>Financial Analysis of Claim and Presentation at Hearing</u>, <u>Securities Arbitration 1988</u>, PLI, NY

29) <u>I got risk?</u>, Investment Management Review, January/February 1988, NY

30) <u>Determining the Fair Value of Stock Options</u>, Pensions & Investment Age, May 25, 1981, NY

Robert E. Conner                                                                                    rconner@thornapple.net

### Education

| | |
|---|---|
| **1975-1977** | Harvard Business School; MBA, 1977; finance and real estate emphasis |
| **1974-1975** | Massachusetts Institute of Technology; cross-studies in military defense budgeting in connection with Harvard Ph.D. program |
| **1973-1977** | Harvard University, John F. Kennedy School of Government;  MPA, 1974;<br>dual Ph.D. studies in political economy and government; foreign policy, causal modeling, statistics |
| **1971-1973** | University of California at Santa Barbara; BA, 1973, History & Political Science, summa cum laude<br>Distinguished Political Science Graduate; Minors: mathematics, Russian, Spanish |
| **1969** | U.S. Institute for Advanced Russian and East European Studies, Garmisch, Germany; Soviet intelligence studies under Russian language immersion (Foreign Area Specialist Training) |
| **1968-1969** | University of Maryland, Berlin, Germany; undergraduate studies - Soviet foreign policy |
| **1964-1966** | University of Miami, Coral Gables, FL; undergraduate studies - marine biology, mathematics, Russian |

### Advisory and Teaching Experience

| | |
|---|---|
| **1982-1985** | **Chicago Mercantile Exchange, International Monetary Market (IMM), Financial Instruments Advisory Committee**: Member: - advised regarding financial index, foreign currency and Treasury-Eurodollar (TED) spreads, futures and options contracts, and floor trading procedures and rules. |
| **1980-1983** | **New York Institute of Finance**, NY; Instructor – basic and advanced options strategies |
| **1980-1983** | **Pace University**, Graduate School of Business, NY;  Adjunct Assistant Professor - finance and statistics; equity and index options and futures contracts.   Taught evening courses for Wall Street professionals in MBA and PhD programs. |
| **1971-1973** | **University of California at Santa Barbara**; Instructor – Russian, Spanish, German, Italian |

### Arbitrator Experience

Financial Industry Regulatory Authority (FINRA) (formerly NYSE & NASD)
National Futures Association (NFA)
American Arbitration Association (AAA)

### Military Experience

| | |
|---|---|
| **1966-1971** | U.S. Army, Captain, Military Police Corps |
| **1967-1969** | Berlin Brigade, West Berlin, Germany: United States Russian Liaison Officer |
| **1969-1971** | South Vietnam: MP Company Commander, MP Detachment Commander, Criminal Investigator,<br>CID Commander, Provost Marshal,  Armored Reaction Force Commander, 18th Military Police Brigade;<br>MACV Team 75 (My Tho) Military Police Advisor to 7th ARVN Div.; Vietnamese and Spanish translator. |

### Foreign Languages

| Spanish | Russian | German | Italian | French | Vietnamese |
|---|---|---|---|---|---|

### Miscellaneous

| | |
|---|---|
| **1988-Present** | Aircraft Owners & Pilots Association; Aerospatiale Trinidad TB-20 (N20VC)<br>Commercial Pilot, instrument-rated, single engine land |

## Robert E. Conner Testimony/Deposition Log in Compliance with FRCP Rule 26(a)(2)(B)

| Plaintiff/Claimant | | Defendant/Respondent | Testimony | Deposed | Forum | Case # | Dates | End Date |
|---|---|---|---|---|---|---|---|---|
| Scoop Real Estate, et al. | v | **Holland & Knight LLP, et al.** | | x | 12th Judicial Circuit Court (Sarasota County, FL) | 2009-CA-014887-NC | 7/20/12 | 20-Jul-12 |
| **Novikoff** | v | H. Beck, et al. | x | | FINRA | 11-04356 | 1/17-18/13 | 18-Jan-13 |
| Cato Capital LLC | v | **Hemispherx Biopharama Inc., et al.** | x | x | US District Court (DE) | 09-549 (GMS) | 4/3/12; 3/6/13 | 6-Mar-13 |
| **Caribbean Investments** | v | Standard Chartered Bank | x | | International Centre for Dispute Resolution | 50 148 T 00636 09 | 3/21-22/13 | 22-Mar-13 |
| **Zorbas** | v | U.S. Trust | | x | US District Court (EDNY) | 11 CV 2318 (LBW) | 3/28/13 | 28-Mar-13 |
| **Lee, et al.** | v | Deutsche Bank Securities, Inc. | x | | FINRA | 09-07182 | 2/27/13-3/1/13; 5/10/13 | 10-May-13 |
| **Izadpanah** | v | Chesapeake Investment Services | x | | NFA | 12-ARB-55 | 8/15-16/13 | 16-Aug-13 |
| **In the Matter of the Testamentary Trust of George A. Steiner, Deceased** | | | | x | US District Court (Clark County, NV) | P41337 consolidated with P42062 | 2/11/14 | 11-Feb-14 |
| **Ginsberg** | v | Merrill Lynch | x | | FINRA | 12-03020 | 5/29/14 | 29-May-14 |
| **Crowell, et al.** | v | Pershing LLC | x | | FINRA | 13-01753 | 11/7/14; 11/10/14 | 10-Nov-14 |
| **Bartlett, et al.** | v | Pershing LLC | x | | FINRA | 13-02430 | 12/5/14 | 5-Dec-14 |
| **Sherwood Investments Overseas, Inc.** | v | Royal Bank of Scotland | | x | US Bankruptcy Court (Orlando, FL) | 6:10-bk-00584-KSJ | 6/5/14 | |
| **Walrus Master Fund** | v | Goldman Sachs (GSEC) | x | | FINRA | 11-03815 | 2/7/15; 2/25/15 | 25-Feb-15 |
| **Tradewaves Ltd., et al.** | v | Standard Chartered Bank | x | | High Court of the Republic of Singapore | Suit 337 of 2011/Z | 5/4-5/15 | |
| **Bhatia, et al.** | v | Standard Chartered Bank | x | | High Court of the Republic of Singapore | Suit 338 of 2011/D | 5/4-5/15 | |
| **Axelrad** | v | Morgan Stanley, et al. | x | | FINRA | 14-00771 | 6/11/15 | 11-Jun-15 |
| Wilbert, et al. | v | **Braun, et al.** | x | | AAA | 13-20-1300-2268 | 9/30/15 | 30-Sep-15 |
| **Overstock.com, et al.** | v | Morgan Stanley, et al. | | x | CA Superior Court (San Francisco County) | CGC-07-460147 | 10/8/15 | 8-Oct-15 |

4/12/16