**HOLMES, TAYLOR & JONES LLP**
Andrew B. Holmes (SBN: 185401)
abholmes@htjlaw.com
Matthew D. Taylor (SBN: 220032)
matthew.taylor@htjlaw.com
617 South Olive Street, Suite 1200
Los Angeles, California 90014
Tel: (213) 985-2200
Fax: (213) 973-6282

*Attorneys for Defendant Bert Dohmen*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT GOODMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BERT DOHMEN, an individual,<br>Defendant. | Case No. CV15-00020 FFM<br><br>**DEFENDANT BERT DOHMEN'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Trial Date:   November 1, 2016<br>Time:         10:00 a.m.<br>Courtroom:  580 |

Pursuant to Local Rule 16-4, defendant Bert Dohmen hereby submits the following Memorandum of Contentions of Fact and Law:

## SUMMARY OF PLAINTIFF'S REMAINING CLAIMS AND THEIR SCOPE

1. Plaintiff's original complaint contained causes of action for 1) Fraud, 2) Promissory Fraud, 3) Fraud by Concealment, 4) Negligent Misrepresentation, 5) Breach of Fiduciary Duties, 6) Securities Fraud, 7) Unfair Business Practices and 8) Professional Negligence.

2. Defendant's summary judgment motion disposed of the fourth, seventh and eighth causes of action in their entirety, and Plaintiff is not pursuing the second cause of action for Promissory Fraud.

3. With respect to plaintiff's first cause of action for fraud, the Court narrowed the scope of the claims at the summary judgment stage, dismissing them except to the extent that they are based on either 1) the November 20, 2011 email in which Dohmen allegedly falsely represented that "'several' close friends were 'liquidating assets' in order to participate in the Fund", or 2) the May 14, 2012 email regarding the "long term" vs. "short term" nature of plaintiff's investment.

4. Similarly, with respect to Plaintiff's fraudulent concealment claim, the Court dismissed this claim except to the extent it is based on either 1) defendant's deliberate concealment of the lack of other outside investors, or 2) defendant's deliberate concealment of the Fund's "long term" vs. "short term" investment approach.

5. With respect to Plaintiff's breach of fiduciary duty claim, the Court held that this claim survived only to the extent it was based on breach of the duty of *loyalty* (as opposed to the duty of care) once Goodman had invested in the Fund and that it could only be based on "defendant's post-investment misrepresentations regarding the

1  lack of other outside investors and (in May 2012), the Fund's short term investment
2  approach," or on "allegations that defendant intentionally concealed the Fund's
3  aggressive investment strategy." Notably, to the extent this claim was based on
4  allegations that Dohmen was grossly negligent in his management of the fund, it was
5  dismissed.

6. And, with respect to Plaintiff's sixth cause of action for securities fraud, the surviving portion of this claim, similar to plaintiff's common law fraud claims, is the portion based on "representations regarding the number of investors and the May 2012 representation regarding the Fund's investment strategy."

### Plaintiff's Claim for Fraud

7. Under Delaware law, a plaintiff claiming fraud must prove the following: (1) a false representation, usually one of fact, made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) damage to the plaintiff as a result of such reliance. *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 115 (Del. 2006).

8. Some of the key evidence in opposition to these claims is Goodman's testimony that he chose to invest in the Fund based solely on his admiration for Defendant's investment newsletter and therefore did not actually rely on the allegedly false statement in deciding to invest; the fact that Dohmen and Goodman did not even discuss the number of investors in the Fund prior to Goodman's first $500,000 investment, thus belying plaintiff's claim that this information was important to his investment decision; the evidence demonstrating that Goodman and Dohmen discussed the decision to change the Fund's investment strategy so as to take a more active, short term trading approach and the evidence demonstrating that the May 14, 2012 email referred to the "long term" *outlook* that Goodman should take in

evaluating the fund's performance rather than the conservative nature of the investments being made.

### Plaintiff's Claim for Fraudulent Concealment

9. To prevail on a fraudulent concealment claim under Delaware law, a plaintiff must prove that the defendant "knowingly acted to prevent [the] plaintiff from learning facts or otherwise made misrepresentations intended to put the plaintiff off the trail of inquiry." *Krahmer v. Christie's Inc.*, 911 A.2d 399, 407 (Del. Ch. 2006) (internal quotation marks omitted). If the plaintiff's claim is based on a theory of incomplete disclosure, the plaintiff must show that the statements at issue "were made with contemporaneous knowledge or reckless disregard of the information" which rendered the statements misleading. *Metro Comm'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 154 (Del. Ch. 2004).

10. Plaintiff's remaining fraudulent concealment claims are based on the notion that Dohmen intentionally concealed the lack of outside investors from Goodman as well as intentionally concealed the fact that he was making investments in a manner other than as he had represented to Goodman. Some of the key evidence in opposition to these claims are the various disclosure made by Dohmen in which he made clear that there were not yet any outside investors in the Fund, the various discussions between Goodman and Dohmen wherein, both oral and written, wherein they discussed changes to Dohmen's investment strategy and Goodman expressly approved such changes and the ongoing disclosures made by Dohmen relating to the Fund's investment performance. Taken together, this evidence strongly refutes any suggestion that Dohmen was improperly concealing facts from Goodman.

### Plaintiff's Claim for Breach of Fiduciary Duty

11. As it survived summary judgment, Plaintiff's breach of fiduciary duty claim is based on the notion that Dohmen breach his duty of loyalty to Goodman by making the same allegedly misleading statements regarding outside investors and the

1  Fund's "long term" vs. "short term" investment approach that form that basis for
2  Plaintiff's fraud claims and by concealing the same information that Plaintiff contends
3  gives rise to its fraudulent concealment claims. Further, Plaintiff contends that
4  Dohmen breach his duty of loyalty to Goodman because it was "inherently
5  uneconomic" for the Fund to do business with only $1.2 million in assets and with
6  plaintiff as the sole outside investor.

      12. With regard to the allegedly misleading statements, the same evidence refuting Plaintiff's fraud and fraudulent concealment claims refutes his breach of fiduciary duty claims. Specifically, some of the key evidence in opposition to these claims are defendant's testimony that he chose to invest in the Fund based solely on his admiration for Defendant's investment newsletter and therefore did not actually rely on the allegedly false statement in deciding to invest; the fact that Dohmen and Goodman did not even discuss the number of investors in the Fund prior to Goodman's first $500,000 investment, thus belying plaintiff's claim that this information was critical to his investment decision; the evidence demonstrating that Goodman and Dohmen discussed the decision to change the Fund's investment strategy so as to take a more active, short term trading approach and the evidence demonstrating that the May 14, 2012 email referred to the "long term" outlook that Goodman should take in evaluating the fund's performance rather than the conservative nature of the investments being made, the various disclosure made by Dohmen in which he made clear that there were not yet any outside investors in the Fund, the various discussions between Goodman and Dohmen wherein, both oral and written, wherein they discussed changes to Dohmen's investment strategy and Goodman expressly approved such changes and the ongoing disclosures made by Dohmen relating to the Fund's investment performance. Further, Goodman conflates "conservative" with "long term" – those terms are *not* synonymous, and as such, there was no deliberate concealment or misrepresentation.

Plaintiff's Claims for Securities Fraud

13. Section 78j, subsection (b), of title 15 of the United States Code makes it unlawful for any person to use "manipulative or deceptive devices" in connection with the purchase or sale of securities. A plaintiff bringing a Section 10(b)(5) claim must establish the following: (1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss. *In re Daou Sys., Inc.*, 411 F.3d 1006, 1014 (9th Cir. 2005).

14. "Transaction causation is akin to reliance; it focuses on the time of the transaction and refers to the causal link between the defendant's misconduct and the plaintiff's decision to buy or sell securities." *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1118 (9th Cir. 2013).

15. "[T]o prove loss causation, the plaintiff must demonstrate a causal connection between the deceptive acts that form the basis for the claim of securities fraud and the injury suffered by the plaintiff." *In re Daou Sys.*, 411 F.3d at 1025.

16. The surviving portion of Plaintiff's claim for securities fraud essentially mirrors his common law fraud claims and is based solely on Dohmen's supposed misrepresentations regarding the number of investors and the May 2012 representation regarding the Fund's investment strategy.

17. Some of the key evidence in opposition to this claim are defendant's testimony that he chose to invest in the Fund based solely on his admiration for Defendant's investment newsletter and therefore did not actually rely on the allegedly false statements in deciding to invest; the fact that Dohmen and Goodman did not even discuss the number of investors in the Fund prior to Goodman's first $500,000 investment, thus belying plaintiff's claim that this information was critical to his investment decision; the evidence demonstrating that Goodman and Dohmen discussed the decision to change the Fund's investment strategy so as to take a more

active, short term trading approach and the evidence demonstrating that the May 14, 2012 email referred to the "long term" outlook that Goodman should take in evaluating the fund's performance rather than the conservative nature of the investments being made; and evidence indicating that the supposed misrepresentations were not a substantial cause of the Fund's decline in value, since the only substantial factor causing such decline was the poor performance of the Fund's underlying investments.

## SUMMARY OF DEFENDANT'S AFFIRMATIVE DEFENSES

18. To the extent Plaintiff's claims accrued prior to January 5, 2012, they are barred by the relevant three-year statute of limitations under applicable Delaware law. This issue survived summary judgment only because the Court indicated that a triable issue of fact existed as to whether Plaintiff was on notice of the fact that only he and Defendant had money invested in the fund prior to that date.

19. Plaintiff had a duty to mitigate his damages. If Defendant is found liable for damages to Plaintiff, Plaintiff is not entitled to recover damages that Defendant proves Plaintiff could have avoided with reasonable efforts or expenditures. Plaintiff had several opportunities to exit the Croesus Fund, thereby mitigating his losses, yet decided to stay in the Croesus Fund. As such, Plaintiff failed to mitigate his damages.

## ANTICIPATED EVIDENTIARY ISSUES

20. Defendant anticipates only the standard evidentiary issues to present at trial, predominantly those regarding relevance and hearsay.

Respectfully submitted,

Dated: October 2, 2016      **HOLMES, TAYLOR & JONES LLP**

_____
Andrew B Holmes
*Attorneys for Defendant Bert Dohmen*